COURT OF APPEALS
DECISION
DATED AND FILED

November 27, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2019AP318**

STATE OF WISCONSIN

Cir. Ct. No.  **2018TR2889**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

CHRIS K. FELLER,

   DEFENDANT-APPELLANT.

---

APPEAL from judgment of the circuit court for Waushara County: GUY D. DUTCHER, Judge. *Affirmed*.

¶1   BLANCHARD, J.[1]   Chris Feller appeals a judgment of conviction for driving on a freeway in excess of the 70-miles-per-hour speed limit, in

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

violation of WIS. STAT. § 346.57(4)(gm)2.  Feller does not argue that the circuit court clearly erred in crediting the testimony of a radar-equipped state trooper that Feller drove 81 m.p.h. in a 70 m.p.h. zone.  Indeed, Feller admitted at the court trial that he drove 81 m.p.h.  Instead, Feller argues that the court should have credited his testimony that his speeding was justified because it was necessary to avoid a collision with a dangerous tailgater, and that this justification is a defense.  Feller testified that he rapidly accelerated to 81 m.p.h. as he passed another vehicle because he was being dangerously tailgated.  But the court credited the trooper's testimony that Feller was not being tailgated at the time.  I assume without deciding that necessity, or "legal justification," based on the conduct of a non-police actor could be a viable defense to a strict liability speeding citation, and affirm because Feller fails to show that the court clearly erred in discrediting Feller's testimony and crediting the trooper's testimony on the topic of dangerous tailgating.

¶2      Appellate courts do not set aside circuit court findings of fact on appeal unless the findings are clearly erroneous.  WIS. STAT. § 805.17(2).  It is for the circuit courts to resolve conflicts in testimony and to determine the credibility of witnesses.  *Global Steel Prods. Corp. v. Ecklund*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.  Appellate courts search the record for evidence to support factual findings of a circuit court, and do not search for findings that the circuit court could have made but did not.  *Id.*

¶3      The State was required to prove its speeding case against Feller through "evidence that is clear, satisfactory and convincing."  *See* WIS. STAT. § 345.45.

¶4 The circuit court here credited all of the following testimony given by a state trooper at the court trial. The trooper was southbound on Interstate 39 in a marked vehicle, equipped with a radar unit, and driving at a steady speed of 70 m.p.h. The interstate at this point is a divided freeway, with a posted limit of 70 m.p.h., and the trooper was in the right lane of the two southbound lanes. The trooper noted a vehicle ("vehicle 1") behind him. Over the course of about 5 miles, vehicle 1 generally matched the trooper's speed of 70 m.p.h.

¶5 The trooper further testified that, with vehicle 1 still trailing him, the trooper observed a different car ("vehicle 2"), enter the left, or passing, lane. It was subsequently established that Feller was driving vehicle 2. Vehicle 2 emerged into the trooper's view "from behind" vehicle 1. From the trooper's perspective, traveling at a steady pace of 70 m.p.h., vehicle 2 was travelling "at a fast rate of speed." There was not another vehicle immediately behind vehicle 2 when the trooper first saw vehicle 2; it was only after vehicle 2 had been in the left lane for 3-5 seconds that the trooper observed another vehicle ("vehicle 3") appear behind vehicle 2. Vehicle 3 appeared to be traveling at about the same speed as, or "maybe a little less fast than," vehicle 2 and the trooper "wouldn't say that" vehicle 3 was "too close for following distance" behind vehicle 2. The trooper confirmed his visual estimation that vehicle 2 was speeding by using the radar unit, clocking vehicle 2 at 81 m.p.h. on the radar.

¶6 The trooper further testified that he slowed to 63, and both vehicles 2 and 3 passed the trooper. Vehicle 2 moved into the right lane and vehicle 3 passed vehicle 2. The trooper pulled over vehicle 2. Vehicle 3 continued southbound. The trooper cited Feller for speeding.

¶7 Feller testified in pertinent part as follows. Feller was passing vehicle 1, travelling slightly above the speed limit, when vehicle 3 approached his vehicle 2 from behind at a high rate of speed, closing to within "about two feet away from my bumper, swerving back and forth." This caused Feller to become "scared[,] because I thought [vehicle 3] was going to rear-end me." Feller testified that he suddenly accelerated to 81 m.p.h., while continuing to pass vehicle 1, as an "evasive move." He felt "trapped" by how close vehicle 3 was to his rear bumper. After both Feller's vehicle 2 and vehicle 3 passed the trooper, and after vehicle 3 passed Feller's vehicle 2, vehicle 3 pulled over briefly in response to the trooper's red-and-blue lights. Feller testified that this indicated to him that vehicle 3's driver was "admitt[ing] guilt that he was doing something wrong."

¶8 In making findings at the close of the court trial, the circuit court implicitly credited all of the trooper's testimony and, in contrast, determined that Feller's account was "not … plausible," and "not credible." The court explained that Feller's version of events "just doesn't add up." Instead, the court found, Feller made "a pretty significant pass," meaning that Feller passed vehicle 1 at fairly consistent speeds upwards of 80 m.p.h., without first feeling compelled to drive faster by an alleged dangerous tailgater.

¶9 The court further explained its view as follows. Multiple drivers were in the left lane, including Feller, all "probably going 85, 81," with Feller's vehicle "probably the lead car." After passing vehicle 1, Feller was unhappily surprised to come upon the squad car. The trooper promptly pulled him over.

Vehicle 3 continued southbound. Speaking directly to Feller, the court said, "That's what happened, and you are the one that got caught."[2]

¶10 On appeal, Feller presents a misleading statement of the case, omitting key testimony by the trooper, and a corresponding argument with an inaccurate premise. It is not true, as Feller asserts, that Feller's account of a dangerous tailgater "was uncontradicted" by other evidence. As summarized above, in testimony credited by the circuit court, the trooper provided his observation that vehicle 3 was not even tailgating Feller's vehicle 2 during the pertinent time—much less that there was any indication that vehicle 3 was manically harassing Feller, as Feller testified. In sum, Feller argues on appeal that Feller's testimony about a dangerous tailgater stood unrebutted and therefore his speeding was justified, but the premise of this argument is inaccurate. The trooper provided "evidence that is clear, satisfactory and convincing" to support the court's finding of speeding, and the court had more than enough evidence to support a finding that Feller did not speed out of necessity.

¶11 Given those conclusions, I need not and do not address the dispute between the parties over whether *State v. Brown*, 107 Wis. 2d 44, 318 N.W.2d 370 (1982), should be extended to allow for a defense of necessity, or "legal

---

[2] The court apparently credited the trooper, and not Feller, on the specific issue of whether vehicle 3 initially pulled to the side of the freeway in response to the trooper's red-and-blue lights or instead just kept driving south. But it does not matter. By the trooper's account, credited by the circuit court, it would seem likely that, if the driver of vehicle 3 did initially pull over, that was only because the driver thought that he or she had just earned a speeding ticket, not because of tailgating.

justification," in a speeding case in which the alleged necessity arose from conduct of a person who is not in law enforcement.[3]

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] *See* ***State v. Brown***, 107 Wis. 2d 44, 53-55, 318 N.W.2d 370 (1982) (justification defense available in certain civil forfeiture actions, when the "'conduct is justified because it preserves or has a tendency to preserve some greater social value at the expense of a lesser one in a situation where both cannot be preserved.'") (quoted source omitted). However, the court explicitly limited this holding: "We need not and we do not decide whether a defense of legal justification is available to the defendant in a civil forfeiture action for speeding if the causative force is someone or something other than a law enforcement officer." ***Id.*** at 56. Because I conclude that the circuit court had a reasonable basis to credit the trooper's testimony, which undermined Feller's testimony, I need not take up Feller's invitation to determine that the defense recognized in ***Brown*** should be extended to cases in which the alleged justification arose from the conduct of persons other than law enforcement officers (here, conduct of the alleged dangerous tailgater).